UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| CURTIS W. CHAUVIN, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No. 1:09-cv-121 |
| | ) | *Chief Judge Curtis L. Collier* |
| CHEATHAM COUNTY JAIL, | ) | |
| CHEATHAM COUNTY JAIL STAFF, | ) | |
| OFFICER DUSTIN WEST, MEDICAL | ) | |
| PROVIDER, | ) | |
| | ) | |
| *Defendants.* | ) | |

### MEMORANDUM

The Court is in receipt of a *pro se* prisoner's civil rights complaint filed pursuant to 42 U.S.C. § 1983 by Curtis W. Chauvin ("Chauvin"). Chauvin claims Officer Dustin West ("Officer West") placed his arm around Chauvin's neck causing him to pass out, drug him backwards, and dropped him head first on the concrete floor in violation of the Eighth Amendment proscription on cruel and unusual punishment. Chauvin seeks $500,000.00 in compensatory damages and payment for all future medical and mental health bills for the next five years. In addition, Chauvin asks that Cheatham County Jail be required to meet the "Standards of Prisons and Jails of Tennessee." (Court File No. 3).

### I.    *Application to Proceed In Forma Pauperis*

Chauvin filed a motion to proceed *in forma pauperis*. It appears from the application Chauvin is indigent and lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. The motion to proceed *in forma pauperis* is **GRANTED** to the extent that Chauvin shall be assessed the $350.00 filing fee (Court File No. 1).

Chauvin is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Chauvin is an inmate or prisoner in state custody at the Cheatham County Jail, he is hereby assessed the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915(b)(1)(A) & (B). Pursuant to 28 U.S.C. §1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 200 South Jefferson Street, Room 201, Winchester, Tennessee 37398, as an initial partial payment, whichever is greater of:

    (a)    twenty percent (20%) of the average monthly deposits to Chauvin's inmate trust account; or

    (b)    twenty percent (20%) of the average monthly balance in Chauvin's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Chauvin's preceding monthly income (or income credited to Chauvin's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three-hundred and fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. §1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the Sheriff of Cheatham County, the Custodian of Inmate Accounts at the Cheatham County Jail, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure that the custodian of Chauvin's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee.

## II. *Venue*

The plaintiff is presently an inmate at the Cheatham County Jail in Ashland City, Tennessee. He brings this action against defendants who are Cheatham County employees, for incidents that occurred during his incarceration in the Cheatham County Jail.

Venue for § 1983 actions is governed by 28 U.S.C. § 1391(b), which requires that an action be brought in the judicial district where one of the defendants resides, if all defendants reside in the same State, or where the claim arose. In this instance, it is apparent that none of the defendants reside in this judicial district and that the claim did not arise in this district. Therefore, venue for this action properly rests in the judicial district where the claim arose. The claim arose at the Cheatham County Jail in Ashland City, Tennessee, which is within the Middle District of Tennessee. 28 U.S.C. § 123(b). Consequently, proper venue for this action lies in that judicial district. Therefore, this case will be **TRANSFERRED** to the United States District Court for the Middle District of Tennessee, Nashville Division, at Nashville, Tennessee. 28 U.S.C. § 1406(a).

An appropriate order will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**